## RAYNES *v.* STAATS-RAYNES COMPANY.

### [No. 10,245.   Filed June 6, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals. —Record.—Failure to Include Evidence.*—On an appeal from a finding of the Industrial Board, no question depending upon the evidence for its correct determination can be considered where the evidence is not in the record.  p. 39.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—Legal *Conclusions.—Accident Arising Out of Employment.*—The determination of the question whether an accident arose out of the employment within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, is in the nature of a legal conclusion. p. 40.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Failure to Find.—Effect.*—A finding in a proceeding under the Workmen's Compensation Act, Acts 1915 p. 392, need not affirmatively show a lack of evidence or an inability to find, the failure to find being alone equivalent to a finding against the party on whom the burden of proof rests.  p. 40.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals. —Burden of Showing Error.*—On an appeal from a finding in a proceedings under the Workmen's Compensation Act, Acts 1915 p. 392, it is the appellant's duty to bring to the court a record

which affirmatively shows reversible error, and this requirement is not satisfied by a mere finding containing only evidentiary facts susceptible of two inferences. p. 41.

5.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Conclusions.*—In a proceedings under the Workmen's Compensation Act, Acts 1915 p. 392, the inferences drawn from the evidence by the Industrial Board are conclusive on appeal in the absence of the evidence from the record. p. 42.

6.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Presenting Questions for Review.—Sufficiency of Evidence.*—On an appeal from a finding in a proceedings under the Workmen's Compensation Act, Acts 1915 p. 392, a finding of facts, though evidentiary in character, cannot take the place of the evidence to make effective a challenge of the sufficiency of the evidence. p. 42.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Burt F. Raynes against the Staats-Raynes Company. From a denial of an award, the applicant appeals. *Affirmed.*

· *Foley, O'Mara & Roach,* for appellant.
·*A. E. Schmollinger* and *Taylor, White & Wright,* for appellee.

HOTTEL, J.—This is an appeal from the action of the full Industrial Board denying appellant's application for compensation for personal injuries alleged to have been received by him December 26, 1916.

The case is one which has been before the court on a statement of facts certified to it by said Industrial Board. The opinion then rendered on the question of law so presented was filed December 21, 1917. *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387.

The record brought to this court in this appeal sets out the statement of facts which it says were certified to this court "in connection with this cause." It also appears from the record that such statement was

so certified after a full hearing by said board and while the case was being held under advisement. The record then shows that on January 15, 1918, the full board made the following finding and award. Then follows another entry, which shows, among other things, the following, viz.: And the full board heard additional evidence and took said cause under advisement. This is followed by a finding of facts by the board, which, in all material respects, is substantially the same as the statement of facts upon which the case was certified to this court, except the last finding of the board contains an additional statement as follows: "The evidence does not show, and the full board cannot find therefrom that the injury of the plaintiff resulted from an accident arising out of his employment."

Upon the facts so found, the board concluded and ordered that the appellant take nothing, and that he pay the costs of the proceeding. From this order appellant appeals and assigns as error that "the award of the full board is contrary to law."

The appellant has not brought to this court, in this appeal, the additional evidence heard by said board at its hearing had after the rendition of said opinion. Indeed, the record in the present appeal contains none of the evidence offered in the case at any hearing of said board. It follows that no question, depending for its correct determination upon the evidence, can be considered. *Rose* v. *Chicago, etc., R. Co.* (1913), 181 Ind. 658, 105 N. E. 241; *Newman* v. *Horner* (1913), 55 Ind. App. 298, 103 N. E. 820; *McCray* v. *Whitney* (1913), 56 Ind. App. 94, 104 N. E. 979.

It is appellant's contention that the additional

statement contained in the present finding of the board, which we have quoted *supra,* is a conclusion of law and adds nothing to the finding.

It is true, as appellant contends, that the question whether an accident arose out of the employment is in the nature of a legal conclusion. This question had consideration by this court in the cases of *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103, and *Zeitlow* v. *Smock* (1917), 65 Ind. App. 643, 117 N. E. 665. See, also, cases there cited. These cases expressly hold that the questions whether an injury resulted from accident, and whether it arose out of the employment, in their last analysis, involved a legal conclusion. It is true that the statement here involved contains the additional words "the evidence does not show," but this, if it be given its full import, could mean no more than that there was no evidence on said issue, and hence is the equivalent of a failure to find upon such issue and adds nothing to the other facts expressly found. A finding need not affirmatively show a lack of evidence or an inability to find. The failure to find alone is equivalent to a finding against the party on whom the burden of proof rests. It follows that the additional finding or statement quoted *supra* adds nothing to said finding, but it does not follow that there must be a reversal of the award in this case.

We have said *supra* that the remainder of the present finding is substantially, if not identically, the same as the certified statement of facts upon which the former opinion of this court was rendered. Among the questions then submitted for the court's determination was the question, "Did the accident arise out

of his employment?" As affecting such question and the other questions then submitted, this court said: "The certified statement contains a number of evidentiary facts from which the board has not deduced the ultimate facts essential to a direct answer to these questions."

The court, in its opinion, then indicates the ultimate facts essential to a determination of said questions, and continues: "These are questions of ultimate fact which it is the province of the board rather than this court to deduce. In the one case it is our judgment that the accident arose out of and in the course of the employment * * * in the other case our judgment is otherwise."

The ultimate facts indicated in said opinion as essential are not supplied by the present finding of facts, but, on the contrary, only the evidentiary facts indicated in our former opinion are contained in said finding of facts, and hence there is a failure to find said essential facts. This, as before indicated, is the equivalent of a finding against the party who has the burden of the issue upon which the finding is silent, or lacking in the ultimate facts essential to its support.

The burden in this case was upon the appellant. *Haskell, etc., Car Co.* v. *Brown* (1918), 67 Ind. App. 178, 117 N. E. 555, and cases there cited. It was his duty to bring to the court a record which affirmatively shows reversible error. This required him, as affecting the questions which he seeks to present by his appeal, to bring to the court a finding of facts which affirmatively shows ultimate facts, admitting of but one conclusion, viz., a conclusion favorable to him. *Fairbanks* v. *Warrum*

(1913), 56 Ind. App. 337, 344, 104 N. E. 983; *Graves v. Jenkins* (1914), 58 Ind. App. 500, 502, 108 N. E. 531; *Gary, etc., R. Co.* v. *Hacker* (1914), 58 Ind. App. 618, 108 N. E. 756. Instead, he brings to the court, and asks a reversal on, a finding containing only evidentiary facts, which this court has before held to be susceptible of either of two inferences, which it was the province of the Industrial Board, rather than this court, to draw. Such board, by its award, has drawn said inferences against appellant, and by its inferences, in the absence of the evidence, this court is bound. If the appellant was of the opinion that the inferences drawn by said board were not warranted by the evidence, he should have challenged its sufficiency and brought it to this court for review. A finding of facts, though evidentiary in character, cannot take the place of the evidence to make effective a challenge of the sufficiency of the evidence.

The award of the Industrial Board is affirmed.

NOTE.—Reported in 119 N. E. 809. Conclusiveness of findings as to what constitutes an accident or injury within the meaning of Workmen's Compensation Act, L. R. A. 1918F 877. Conclusiveness of findings as to whether injury was one "arising out of and in the course of" the employment, L. R. A. 1918F 915.