CHICAGO AND ERIE RAILROAD COMPANY *v.* KAUFMAN ET AL.

[No. 11,233.    Filed December 21, 1921.    Rehearing denied June 23, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Briefs.—Sufficiency.*—In an appeal from an award under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) an assignment of error that the award is, contrary to law is sufficient to present the question of both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts, but it is encumbent upon an appellant, under the rules governing the preparation of briefs, to indicate the particular question to which his propositions or points are addressed. p. 476.

2. APPEAL.—*Review.—Findings.—Failure to Find.—Waiver of Error.*—Failure to find a fact is equivalent to a finding against the party having the burden of proving such fact; and where there is no proposition or point in appellant's brief addressed to a failure to find a ·fact, but only propositions or points addressed to the sufficiency of the evidence to sustain the finding of facts, any question as to the failure to find is waived.    p. 476.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Compensable Injury to Contractor's Employe.—Liability of Corporation.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) against a railroad company and its contractor to recover compensation for the death of an employe of the contractor, the company may be held liable where it had failed to exact from the contractor the certificate required by §14, as amended Acts 1919 p. 159, showing compliance with §68 of the act. p. 477.

4. APPEAL.—*Presenting Questions for Review.—Constitutionality of Statute.—Briefs.—Propositions.—Sufficiency.*—A proposition in appellant's brief which seeks to challenge an amended section of the Workmen's Compensation Act (Acts 1915 p. 392,

§80201 *et seq.* Burns' Supp. 1921) by merely asserting that "Section 14 Acts 1919 is unconstitutional" for certain reasons therein set forth, without stating whether such section violates a provision .of the State or Federal Constitution, but merely citing a section of the former and an amendment of the latter, without book or page, together with certain decisions in support of the alleged reasons for the invalidity of the section assailed, is not a compliance with Rule 22, governing the preparation of briefs, and presents no question for review.  p. 477.

From the Industrial Board of Indiana.

Proceeding for compensation under the Workmen's Compensation Act by Grace I. Kaufman and others against the Chicago and Erie Railroad Company and another.  From an award for applicants, the defendant named appeals.  *Affirmed.*

*Fred H. Bowers, Milo N. Feightner, Lee M. Bowers, Clyde E. Storey and John E. Gavin,* for appellant.

*J. Willard Moffett, Charles K. Lucas* and *H. B. Spencer,* for appellees.

BATMAN, P. J.—This appeal involves an award against appellant and one John Mann in favor of appellees, who are the widow and children of Charles W. Kaufman, deceased.  The finding discloses facts which sustain the award as against said Mann, and in addition thereto it is found, that said Mann "had not complied with section 68 of the Workmen's Compensation Act at the time of or prior to the injury to said Kaufman." The finding concludes as follows:  "That said Mann was doing work for the Chicago & Erie Railroad Company under contract, and that said Kaufman was laboring upon said work at the time of his death and that said Chicago & Erie Railroad Company did not exact from said Mann, a certificate from the Industrial Board of Indiana, showing that said Mann had complied with Section 68 of the Compensation Act at the time of making said contract with said Mann or at any time prior

thereto." This quotation contains the only finding with reference to appellant. Based on this finding, the Industrial Board made an award in favor of appellees against appellant and said Mann, the amount and duration of which are not questioned. It provides in substance, that an effort be first made to collect the amount thereof from said Mann, and on his failure to pay the same, that said amount be collected from appellant.

This appeal is based on three specifications of error, the first being that the award is contrary to law. This is the only specification that will be considered, as the other two contain nothing not included in the first. The statute provides that the first specification shall be sufficient to present both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts. Thus it appears that two distinct questions may be raised under such specification, and it is encumbent upon an appellant, under the rules governing the preparation of briefs, to indicate the particular question to which his propositions or points are addressed. In the instant case appellant has failed to do this by an appropriate heading, but has presented each one of them under the caption "Contrary to Law." This requires an examination of each of the seven propositions or points stated, with a view of ascertaining, if there is anything contained therein to indicate the particular question to which they are addressed. Such an examination discloses that there is no proposition or point addressed to the sufficiency of the evidence to sustain the finding of facts, but that all, in so far as they present any question, relate to the sufficiency of the facts found to sustain the award. We will therefore confine ourselves to that question alone. Appellant's propositions or points numbered 1, 4, 5 and 6 are based on an assumption that the decedent was engaged in interstate

commerce at the time he received his fatal injuries, while No. 7 is based on an assumption that he was working in the State of Ohio at such time. An examination of the finding fails to disclose that the Industrial Board found that any such facts existed. It is well settled that the failure to find a fact is equivalent to a finding against the party having the burden. *Wysong* v. *Nealis* (1895), 13 Ind. App. 165, 41 N. E. 388; *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809. If there was evidence to establish the facts assumed by appellant, it might have based error on their absence in the finding, but having failed to do so, it has waived any question in that regard. We conclude that the propositions or points named fail to present any question for our consideration.

Appellant's second proposition or point is based on a claim that the deceased was not in its employ, but was in the employ of said Mann, who was doing work 3. for it under a contract, and for that reason it is not liable for his death. This fact might have relieved appellant from liability prior to the amendment of §14 of the Workmen's Compensation Act. Acts 1919 p. 158, 8020x Burns' Supp. 1921. But this section was amended for the evident purpose of creating a liability under said act in favor of the employes of various classes of contractors, under certain circumstances, where none had theretofore existed. In view of the provisions of said amended section, we hold that appellant's contention cannot be sustained.

Appellant's third proposition or point consists of the following statement: "Section 14 Acts 1919 is unconstitutional for the reason that it denies corpora- 4. tions as in this case the freedom to contract and the statute infringes the right of private contract and it deprives parties affected by it of their property without due process of law." This is not sufficient

to present a constitutional question, under the well settled rules by which we are bound, and of which we note the following: One who asserts the unconstitutionality of a statute must clearly identify the same, and must point out the particular provision of the particular constitution violated. *Levy* v. *State* (1903), 161 Ind. 251, 68 N. E. 172; *Edenharter* v. *Connor* (1916), 185 Ind. 643, 114 N. E. 212. Courts will not make an independent search of constitutional provisions to discover a cause for holding a legislative act invalid. *Haun* v. *State* (1914), 183 Ind. 153, 108 N. E. 519. Questions involving the constitutionality of statutes are never considered unless they are so presented as to imperatively require it. *Knight* v. *Board* (1913), 179 Ind. 568, 101 N. E. 1010. Although the condition of the record and the assignment of error are such as to admit a constitutional question, yet if the brief of a party is such as not to present the same, it cannot be said to be duly presented. *Lewis* v. *Albertson* (1899), 152 Ind. 693, 49 N. E. 34. It will be observed that the statement under consideration does not designate any particular statute, but merely asserts that "Section 14 Acts 1919 is unconstitutional." It does not state whether it violates a provision of the State or Federal Constitution. A section of the former and an amendment of the latter, without book or page as the rules require, are cited, with certain decisions of the Supreme Court, as authorities in support of the statement made, but this is not a compliance with Rule 22, governing the preparation of briefs, as under that rule the propositions or points stated must be complete and sufficient within themselves. Courts are not required to search authorities cited, in order that they may draw inferences to supply omissions in the statement of propositions or points which a party has attempted to make. It will be observed that the statement under consideration merely

asserts in effect, that said section denies freedom to contract, infringes the right of private contract, and takes property without due process of law. In the case of *Rose* v. *State* (1908), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228, the Supreme Court held, in effect, that such objections were too indefinite to present a constitutional question. In that case the court was asked to consider the constitutionality of an act "because it authorized the taking of property without due process of law," but refused to do so on the ground that such objection is too indefinite to present any question, quoting the following with approval: "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision." *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033. Finding no reversible error in the record, the award is affirmed.