S. J. PEABODY LUMBER COMPANY ET AL. *v.* MILLER
ET AL.

[No. 11,150.    Filed January 4, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.— Failure to Find.—Effect.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the failure of the Industrial Board to find specifically whether decedent was guilty of wilful misconduct, as claimed by defendant employer, does not

invalidate the award, the failure to find an essential fact being the equivalent of a finding against the party having the burden of establishing such fact. p. 252.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Exclusion of Cumulative Testimony.*—*Rules of Industrial Board.*— In view of Rule No. 33 of the Industrial Board, providing that the board may refuse to hear more than three witnesses produced by the same party to prove the same fact, it was not error for the board, after having heard three witnesses on the issue of wilful misconduct, to exclude the testimony of a fourth witness by whom it was sought to prove substantially the same facts. p. 253.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Mary B. Miller and others against the S. J. Peabody Lumber Company and others. From an award for applicants, the defendants appeal. *Affirmed.*

*Howe S. Landers,* for appellants.

REMY, J.—Appellees, as dependents of Frank N. Miller who lost his life while in the employment of appellant S. J. Peabody Lumber Company, filed with the Industrial Board their application for compensation. Appellants filed a special answer charging wilful misconduct. A hearing resulted in a finding by the board that "On January 29, 1920, Miller was an employee of the S. J. Peabody Lumber Company at an average weekly wage of $20.20; that on said date he was killed as a result of a personal injury of which defendant had knowledge, which was caused by an accident arising out of and in the course of his employment."

It is the contention of appellants that in as much as there was a plea of wilful misconduct, and there was a failure on the part of the board to find specifically

1. that decedent was or was not guilty of wilful misconduct, the finding does not sustain the award. This contention is without merit. It has many times

been held, and is the law, that the failure of the Industrial Board to find an essential fact is the equivalent of a finding against the party having the burden of establishing such fact. *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809; *Chicago, etc., R. Co.* v. *Kaufman* (1921), 78 Ind. App. ——, 133 N. E. 399.

A further contention of appellants is that the board erred in the exclusion of certain testimony. Rule No. 33 of the Industrial Board provides that the board "may refuse to hear more than three witnesses produced by the same party to prove the same fact." At the hearing, the board, having heard the testimony of three witnesses on the issue of wilful misconduct, invoked the rule and excluded the testimony of a fourth witness by whom it was sought to prove substantially the same facts as had been testified to by each of the three witnesses previously heard. In this ruling there was no error. See *Northern Ind. Gas, etc., Co.* v. *Pietzvak* (1917), 69 Ind. App. 24, 118 N. E. 132.

The award is sustained by sufficient evidence.

Affirmed.