## AMERICAN CHAIN COMPANY *v.* SALTERS.

[No. 11,620.  Filed June 26, 1923.  Rehearing denied October 24, 1923.]

1.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.— Changed Conditions.— Failure to Find.*— Where, in a proceeding for review of an award for compensation by the employer because of a change in conditions, the employe was denied compensation until such time as he would submit to an operation tendered by the employer, the absence of a finding by the Industrial Board that there' was a change in the condition of the employe was equivalent to a finding thereon against the employer.  p. 411.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Statute of Limitation.—Date of Termination of Award.—Burden of Proof.*—In a proceeding for review of an award for compensation before an employer can avail itself of the limitation provision of the Workmen's Compensation Act (§45, Acts 1919 p. 158, §8020c2 Burns' Supp. 1921) providing that no application shall be filed after the expiration of one year from the termination of the compensation period fixed by the original award, *held* the burden is on the employer to show when the disability terminated.  p. 414.

3.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Substantive Rights.—Retroactive Legislation.—Statutes.*—In proceedings for review of an award for compensation, §31 of Act 1919 p. 158, §8020o1 Burns' Supp. 1921, providing that an employe shall receive "for injuries resulting in permanent total disability five hundred weeks," applies to substantive rights as distinguished from remedy and cannot apply to an accident occurring prior to its passage.  p. 415.

4.  MASTER AND SERVANT.— *Workmen's Compensation Act.— Award.—Validity.*—In a proceedings for review of an award by the Industrial Board, the board under Acts 1917 p. 227, §2, providing for an award during total disability, not exceeding five hundred weeks, where the disability had progressed, increased and became total and permanent, *held* within authority of board to fix compensation period at five hundred weeks. p. 415.

From the Industrial Board of Indiana.

Proceeding for compensation under· the Workmen's Compensation Act by William H. Salters against the

American Chain Company. From the award rendered, the defendant appeals. *Affirmed.*

*F. K. Warne* and *Joseph W. Hutchinson,* for appellant.

*Hays & Hays,* for appellee.

NICHOLS, J.—Action by appellee to review, on account of change in condition, an award of the Industrial Board entered on November 22, 1921. The award which appellee seeks to have reviewed was itself rendered as the last up to that time of a series of awards entered on applications to review on account of change in condition. From an award in favor of appellee, appellant prosecutes this appeal. The accident which resulted in the injury of appellee happened on February 19, 1918. On August 28, 1918, appellee filed with the Industrial Board his application for adjustment of compensation, and thereafter, on January 17, 1919, the full board made an award against appellant that it pay compensation at the rate of $8.63 per week beginning February 26, 1918, such compensation to continue during the period of appellee's total disability for work, as a result of his injury, not exceeding 500 weeks. It will be observed that the compensation period fixed by this award was indefinite and that it might terminate either by a lapse of 500 weeks or by a cessation of total disability within that period. On May 20, 1919, appellant filed its first application for the review of said award alleging change of condition, in that: (1) the disability had diminished; and (2) that such disability had ended since the date of the original award. This application was on September 24, 1919, denied, the Industrial Board at the time finding that appellee was still disabled as a result of his injury and that there had been no change in the condition resulting therefrom since the award of

the full board January 17, 1919. On November 24, 1919, appellant filed its second application to review upon the same grounds as in its first application, and for the additional reason that appellee refused to submit to a proper operation to diminish or entirely remove his disability which operation, without expense to appellee, was tendered by appellant. On this application the Industrial Board, by one of its members made its award on February 24, 1920, that appellee be denied compensation until such time as he would accept the offer of appellant and submit himself to an operation. There was no finding at this time that there was any change in the condition of appellee and the absence of such finding was necessarily a finding against appellant on that issue. *Hufford* v. *Livingston* (1922), 79 Ind. App. 519, 137 N. E. 279; *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809.

On January 3, 1921, appellee filed with the Industrial Board his application to require appellant to resume the payment of compensation, on the ground that he had on February 28, 1920, presented himself to appellant and formally offered to accept the operation which appellant claimed to have tendered, and that appellant had wholly failed and refused to perform the same. In such application appellee stated that he had received no compensation since November 19, 1919, which, it will be observed, was the date upon which appellant asked for a suspension of compensation until such time as appellee would submit to an operation. On this application the full board on April 23, 1921, ordered appellant to resume compensation beginning February 28, 1920, in accordance with the award of the full Industrial Board of January 17, 1919, thereby by clear implication, finding that the total disability for which the original award was made still continued. There were provisions in this award with reference to

the operation which we do not need to set out. Following this award, appellant paid all compensation for total disability until June 18, 1921, and on June 24, 1921, again filed its application for review of the award on account of change in condition upon the ground that the disability of appellee, on account of his injury had ended since the date of the last award, which was, as aforesaid, April 23, 1921, and that appellee had refused to submit himself to an examination by a duly qualified physician designated by the employer. On this application the full Industrial Board on November 22, 1921, made a finding that appellee's injury had resulted in permanent loss of ninety per cent. of the use of his left leg, and made an award against appellant of 157½ weeks' compensation at the rate of $8.63 per week, to be paid in cash in a lump sum. There was no finding on the issue as to whether or when appellee's total disability had ended, since April 23, 1921. On May 13, 1922, appellee filed his application to review the award of November 22, 1921, on account of change in condition. On this application the Industrial Board, on November 14, 1922, made its finding that, since November 22, 1921, appellee's disability and impairment resulting from his injury had progressed, increased, and had become total and permanent, and made its award on such finding that all orders and awards theretofore made be vacated and that appellee be awarded against appellant 500 weeks compensation at the rate of $8.63 per week, beginning on February 19, 1918. It will be observed that the compensation period here fixed begins with February 19, 1918, instead of February 26, 1918, the beginning of the compensation period as fixed by the law, but no question is presented as to this discrepancy.

It is appellant's contention, relying upon the limitation provision of §45 of the Workmen's Compensation

Act, as amended in 1919 (Acts 1919 p. 158,
2.   §8020c2 Burns' Supp. 1921) that the award made
by the board from which this appeal was taken
is contrary to law for the reason that the compensa-
tion period fixed in the award sought to be reviewed
had terminated more than one year before the filing of
the application for review.   To reach this result appell-
ant commences with February 26, 1918, as the
compensation period to which it adds 157½ successive
weeks, thereby extending the time of compensation
under the award sought to be reviewed to March 10,
1921, whereby, appellant contends, the board by impli-
cation found that the total disability ended at a time
which was more than one year before the filing of the
application to review the award, giving 157½ weeks
of compensation.

Section 45 of the Workmen's Compensation Act, as
amended in 1919 (Acts 1919 p. 158, §8020c2 Burns'
Supp. 1921) provides that:   "The power and jurisdic-
tion of the Industrial Board over each case shall be con-
tinuing, and from time to time, it may, upon its own
motion or upon the application of either party, on ac-
count of a change in conditions, make such modifications
or change in the award, ending, lessening, continuing,
or extending the payments, previously awarded, either
by agreement or upon hearing, as it may deem just,
*   *   *.   The board shall not make any such modifica-
tion upon its own motion nor shall any application
therefor be filed by either party after the expiration of
one year from the termination of the compensation pe-
riod fixed in the original award, made either by an
agreement or upon hearing.   *   *   *"

But, if it be conceded that this section applies to this
class of cases, appellant includes in its compensation
the time from November 19, 1919, to February 28,
1920, a period of three months and nine days for which

period appellee received no compensation. This time added to March 10, 1921, ends the period of compensation, and, as appellant contends, by implication the total disability, on June 19, 1921, within the year before the last application was filed. Let us consider the question from another standpoint. It already appears that the Industrial Board had found that the disability of appellee existed April 23, 1921. Appellant, in its application dated June 24, 1921, for review of the award, dated April 23, 1921, says that the same was duly made, but that such disability had ended since that date. The application does not state when, since April 23, 1921, such disability had ended, nor is there any evidence or finding as to the date of the ending of such disability. But appellant admits that it made payment for total disability up to June 18, 1921, and thereby by fair inference admits that it had not ended prior to that time. Before appellant can avail itself of the plea of the statute of limitations, it is burdened with showing when the disability ended. In this it has wholly failed, unless by its act it fixed June 18, 1921.

Appellant next contends that the board exceeded its power in entering a specific award for 500 weeks' compensation on account of total permanent impairment and total permanent disability. The injury here involved occurred prior to the amendments of the act made in 1919. One of these amendments is embodied in subd. (d) §31, Acts 1919 p. 158, §8020o1 Burns' Supp. 1921, and provides that the employe shall receive "(d) for injuries resulting in permanent total disability, five hundred weeks." Appellant rightly contends that this provision has to do with substantive right as distinguished from remedy that it has no retroactive effect, and cannot apply to an accident occurring before its passage. The act of 1917 (Acts 1917 p. 227, §2) provided for an award during the total

disability, not exceeding 500 weeks. But, the board having found that appellee's disability and impairment resulting from the injury, had progressed, increased and become *total and permanent,* we do not see that it exceeded its authority in fixing the compensation period specifically at 500 weeks. If it did so exceed its authority, as appellant contends, then by the same process of reasoning it also exceeded its authority when it made its finding of November 22, 1921, that appellee's injury had resulted in permanent loss of 90% of the use of his left leg, and made an award against appellant of 157½ weeks' compensation at the rate of $8.63 per week, the same to be paid in a lump sum, for such a finding and award can only be justified under subd. (c) of said §31, Acts 1919 p. 158, *supra.* If the award of November 14, 1922, was illegal and void because it was made under subd. (d) Acts 1919 p. 158, *supra,* then the award of November 22, 1921, was also illegal and void having been made under subd. (c) of the same section, Acts 1919 p. 158, *supra.* It follows that both awards would be void, and appellee would be still entitled to his compensation under the award of November 17, 1919, which, if the injury had become total and permanent, is in effect the same as the one from which this appeal is prosecuted.

Finally, appellant, after saying that the award appealed from fairly bristles with error, is astonished to find that it vacates, or purports to vacate, all previous orders or awards. We have set out above the section controlling the board's action. Appellant contends that the board could only modify previous awards, and that it had no authority to vacate, but we fail to make such distinction as would justify us in prolonging this controversy by reversing the award because of the technical objection thereto. The same result would have been reached had the board stated that it modified the

previous award by requiring appellant to pay $8.62 per week for 500 weeks, with credit for payments already made.

The facts in this case are out of the ordinary. Appellant paid compensation in full to November 19, 1919, and then appears not to have made any payments until after April 23, 1921, when it was ordered to resume payment. The evidence by way of admission is that it resumed payment of compensation after this order, and continued to pay until June 18, 1921, as we have stated above. No compensation was paid from November 19, 1919, until some time after April 23, 1921. This was not because total disability had ended, but by reason of the order of the board suspending payment until appellee accepted the offer of an operation.

Appellant has persistently and consistently been seeking some way of avoiding the payment of compensation from the date of the injury. Whether rightfully or not is not for us to say. It is sufficient that the Industrial Board has on the several hearings found that appellant should pay compensation. It never found that total disability had ended or ordered that the payment of compensation should cease. The numerous applications for change, and the resulting awards led to such confusion of the record as made it difficult of interpretation.

We hold that the board was fully justified in clarifying the situation and that it did not exceed its authority in so doing. The Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1921) must always receive a liberal construction to the end that the injured employe may be justly compensated.

Award affirmed.

Dausman, J., concurs.