POE *v.* CASWELL-RUNYAN COMPANY.

[No. 13,944. Filed April 25, 1930.]

*C. W. H. Bangs,* for appellant.
*F. F. Smith,* for appellee.

REMY, C. J.—Appellant, while in the employment of appellee, November 22, 1928, suffered an injury to his left thumb which caused his temporary total disability, and for which he was awarded compensation. Later, appellee made application for review on account of change of condition, in this, that the injury had so far improved that total disability of appellant had changed to a permanent partial impairment of the thumb. At the hearing, there was evidence tending to show that the injury consisted of a laceration of the thumb, and that it was regularly treated by a surgeon till March 5, 1929, when the distal phalanx and a very slight portion of the proximal phalanx were amputated; that, at the time of the hearing, the wound was healed, except that there was an exposed nerve on the injured part of the proximal phalanx which caused the thumb to be exceedingly

sensitive; that appellant could use the hand, but had difficulty in holding objects, especially those small in size; and that, by reason of the injury, he was unable to do his former work. There was evidence that the sensitive condition due to the exposed nerve was not necessarily permanent, and that it might be cured by continued treatment. This evidence was, however, controverted by expert witnesses who testified that the condition was permanent.

The Industrial Board found the facts, in substance, as stated, but, without determining the issue presented by the application for review, made its award: "That if defendant proffer to plaintiff surgical and medical treatment for the correction and improvement of the injury, that plaintiff should accept same, and if he does accept such offer, that he receive compensation at the rate of $16.50 per week during his disability occasioned by such surgical and medical treatment, not exceeding period fixed by law, . . . and that if such treatment is tendered and plaintiff refuses to accept same, he is to receive compensation at the rate of $16.50 per week for a period of thirty weeks, beginning November 29, 1928, defendant to have credit for all compensation heretofore paid." This appeal followed.

It is urged by appellant that the award is not in accordance with the finding, and is, therefore, contrary to law. We concur in that view. The failure of the board to find that there had been a change in the condition of appellant's injury was equivalent to a finding against appellee on its application for review; in other words, it is equivalent to a finding that there was no change in condition. *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435; *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809. If, at the time of the hearing on appellee's application for review, appellant was still totally disabled, as the

Board in effect found, it follows that the finding should have been for appellant, which would have left the previous award in force, and that the award appealed from is contrary to law.

Award reversed, with instructions to grant a rehearing, and for further proceedings consistent with this opinion.