## PETTIT *v.* CONTINENTAL BAKING COMPANY.

[No. 14,539. Filed April 5, 1932.]

*Clarence O. Davisson* and *Charles B. Sayler,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellee.

KIME, J.—This is an appeal by Homer Pettit, appellant herein and claimant below, from an award of the full Industrial Board denying compensation. The cause was originally heard by a single member of the board, who also made a finding for appellee.

From the facts as set forth and shown by the evidence, it appears that Pettit was employed by the appellee baking company as a salesman and truck driver; that, in the month of November, 1929, and while in the employ of appellee, Pettit received an injury to his left knee when the truck he was driving turned over with him; that, on January 9, 1930, while going after his truck, Pettit slipped on some grease which was on the floor of appellee's garage, struck his left knee against

the running board on the truck and went on down and struck the cement floor. The evidence shows that Pettit went on his route that day, and that evening, upon his return, he advised Mr. Hazen, appellee's sales manager, of the accident. Pettit testified that, at the time he fell, the skin on his knee was torn below the knee cap and that the knee was strained, and that, when he returned that evening, his knee was swollen and there was a mass of blood around the sore. A Mr. Vogle, plant manager for appellee, sent Pettit to Dr. Ayres, who took two X-rays and bandaged the knee. Pettit was off for about four days, after which time he returned to work and continued in the employ of appellee until July 5, 1930, at which time he was discharged. The evidence further shows that he procured similar employment from another firm, the latter employment lasting about one month, and, subsequent to this time, he did no other work; that, in January or February, 1931, he became totally disabled, and his attorney notified the appellee of this fact by letter.

The full Industrial Board, upon a review of this cause, found, among other things, that Pettit, on January 9, 1930, received a personal injury by reason of an accident arising out of and in the course of his employment; that, as a result of said injury, he did not lose the seven-day working period as provided in the Indiana Workmen's Compensation Act; that the injury consisted of a small wound on the left knee; that he was treated for said injury by one Doctor Ayres from the date of the injury to and including January 18, 1930, at which time the doctor testifies that the wound was healed, and that, in his opinion, he was able to resume his work on January 15, 1930; that Pettit continued his employment with the defendant and that he, at no time up to July 5, 1930, said anything about his injury of January 9, 1930, to the defendant employer; that the

evidence clearly shows that, in November of 1929, the plaintiff received an injury to his left knee on account of a truck which he was driving turning over with him, and that the evidence further shows that he had been in other wrecks and accidents; that, on January 20, 1931, he became disabled; that the disability plaintiff suffered on and after January 20, 1931, was not the result of an accidental injury that plaintiff received while in the employ of defendant on January 9, 1930.

Appellant assigns as error that: "The Award of the Full Industrial Board is contrary to law," said assignment being sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. Acts 1929 p. 536.

It is appellant's earnest contention that he claimed compensation against appellee on account of personal injuries received by him as the result of two accidents while in the employ of appellee, the first occurring in November, 1929, and the second on January 9, 1930. In the application for the adjustment of his claim for compensation, appellant alleged that, on January 9, 1930, he received personal injuries by reason of an accident arising out of and in the course of his employment by the appellee. The second allegation in said claim for compensation was that a controversy had arisen with respect to the compensation to be paid *therefor*. Under allegation No. 6 of the board's form No. 9, appellant described the accident that had occurred six weeks prior to January 9, 1930, and also the one that occurred on this date. Appellee maintains that appellant did not attempt to recover in this action for two injuries. Under the strict rules of pleading, we would be inclined to concur with this contention, but we are unable so to do in cases coming under the purview of the Workmen's Compensa-

tion Act, for the reason that §55 of said act provides that: "The board may make rules not inconsistent with this act for carrying out the provisions hereof. Processes and procedure under this act shall be as summary and simple as reasonably may be." Acts 1929 p. 536, §55. The above is the basis for appellant's contention that there was not sufficient facts found by the full Insurance Board to sustain the award, appellant setting out that the board did not find that appellant's disability was not the result of the injury which he suffered six weeks prior to January 9, 1930, and alleging that this constituted error. With this we do not agree. This court has consistently held that the failure of the Industrial Board to find an essential fact is the equivalent of a finding against the party having the burden of establishing such fact. *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809; *Standard Cabinet Co.* v. *Landgrave* (1920), 73 Ind. App. 625, 128 N. E. 358; *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435; *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471; *Calumet, etc., Machine Co.* v. *Mroz* (1922), 79 Ind. App. 305, 137 N. E. 627.

It is also brought to our attention that the finding of the board to the effect that "plaintiff at no time up to July 5th, 1930, said anything about his injury of January 9th, 1930, to the defendant employer," is not supported by any evidence and that there is absolutely no basis for such finding. We find this assertion to be quite true, and, in fact, appellee, in its brief, admits that it had immediate notice of the accident and injury that appellant suffered on January 9, 1930, and further admits that it furnished medical attention to appellant for said injury. We are of the opinion that in many instances such a finding unsupported by evidence would constitute reversible error,

but, in the instant case the matter of notice is not involved and the finding in question is therefore harmless.

The final question with which we are confronted is whether or not the finding of the board that the wound that appellant received on January 9, 1930, was healed and that he (appellant) was able to resume work on January 15, 1930, is sustained by sufficient evidence. Appellant says that Dr. Ayres was never sworn to testify, did not testify or appear before the board either in person or by deposition. These facts are all true, but we cannot overlook the fact that it was expressly stipulated between the parties that the written report made by Dr. Ayres, under date of April 17, 1931, and directed to the Liberty Mutual Insurance Company with reference to the case between appellant and appellee herein, be read in evidence and made a part of the record. When a stipulation is entered into to expedite the hearings and no motion is made to set aside or withdraw the same, it is conclusive and binding between the parties and the tribunal hearing the case. *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760. Appellant insists that he agreed only that the report be read in evidence and made a part of the record, and that it was not stipulated that same be treated as the evidence of Dr. Ayres, or that it should have the weight of sworn testimony, or that the facts set out therein were true. This position, in our opinion, is wholly untenable. The report of Dr. Ayres is as much a part of the testimony in this cause as the testimony of any other witness who personally appeared and testified under oath. Furthermore, there is other testimony on the question involved upon which the board could have based the finding above referred to.

Finding no reversible error, the award of the full Industrial Board of Indiana is hereby in all things affirmed, and it is so ordered.