## BLACK *v.* OVAL & KOSTER.

[No. 15,469.   Filed October 15, 1935.   Rehearing denied
February 5, 1936.]

*Wymond J. Becket, Merle M. Wall* and *Earl B. Stroup,*
for appellant.

*Jay W. Winget,* for appellee.

Wood, J.—The appellant, as surviving widow and sole
dependent of Oscar L. Black, appeals from an award of
the full Industrial Board, denying her compensation for
the death of her husband, alleged to be the result of
injuries from an accident arising out of and in the
course of his employment by the appellee. She assigns
the statutory ground for reversal.

The finding of facts made by the Industrial Board
upon which it based its award was as follows:

"And the Full Industrial Board having heard the
argument of counsel, having reviewed the evidence
taken at the original hearing and being duly advised

therein, now finds that on December 18, 1932, one Oscar L. Black, was in the employ of the defendant at an average weekly wage of $24.00. It is further found that on said date the said Oscar L. Black suffered an accident. It is further found that the said Oscar L. Black died on July 14, 1934. It is further found that at the time of his death the said Oscar L. Black was living with his wife, Carrie H. Black, who was wholly dependent upon him for support. And the Full Industrial Board further finds that the accident sustained by Oscar L. Black on December 16, 1932, did not arise out of nor was it in the course of his employment with the defendant."

While the Industrial Board found that the decedent received an accident, it did not find as a fact, that as a result thereof he suffered injuries causing his death. This was equivalent to a finding against the claimant upon this issue. *Hufford* v. *Livingston* (1923), 79 Ind. App. 519, 137 N. E. 279; *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435; *Pettit* v. *Continental Baking Co.* (1932), 94 Ind. App. 250, 180 N. E. 607.

Whether or not the accident arose out of and in the course of decedent's employment by the appellee was an ultimate fact to be found by the board. *Muncie, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Empire, etc., Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664; *Hufford* v. *Livingston, supra.* Upon this issue the Industrial Board made an express finding against appellant. Questions of fact as found by the board are conclusive on appeal when there is any evidence to support such finding. After an examination of the record in this case we cannot say as a matter of law that the facts as found by the Industrial Board are unsupported by the evidence. *Bloomington, etc., Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850.

Finding no error the award of the full Industrial Board is affirmed.