## LUKICH *v.* WEST CLINTON COAL COMPANY.

[No. 15,867.  Filed October 13, 1937.]

*Stanley Stohr, Charles Fox* and *John A. Riddle,* for appellant.

*Hays & Hays, Alonzo C. Owens, John S. Taylor* and *J. Olias Vanier,* for appellee.

LAYMON, P. J.—The record in this case discloses that on the 7th day of December, 1934, appellant filed his application for compensation with the Industrial Board of Indiana, in which application he alleged, among other things, that on the 4th day of September, 1934, he received personal injuries by reason of an accident arising out of and in the course of his employment with appellee and claimed compensation at the rate of $16.50 per week for three hundred weeks' total disability. A hearing was first had before one member of the board, who found, *inter alia,* "that if the plaintiff is suffering or has suffered from any disability, it is not due to any accidental injury arising out of and in the course of his employment with the defendant." Upon this finding there was an award denying compensation. In due time proper application was made for a review before the full board, and, on April 15, 1935, the full Industrial Board, after reviewing the evidence, made and entered the following award, which, omitting the formal parts, reads as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds for the defendant on plaintiff's application for the adjustment of claim for compensation filed on December 7, 1934, that plaintiff suffered no disability as the result of an accidental injury arising out of and in the course of his employment with the defendant.

## "ORDER

"It is therefore considered and ordered by the Industrial Board of Indiana that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

There was no appeal taken by either party from this award of the full board.

Thereafter, on the 19th day of August, 1935, appellant filed an application for the review of award on account of a change in conditions and alleged therein, among other things, "that said award should be reviewed by said Honorable Board on account of such change in conditions upon the grounds following, to wit: That said injury has resulted in a permanent partial impairment." Appellee appeared and filed an answer in general denial and a special answer of *res adjudicata*. There was a hearing on these issues before a single member of the board, who found that the Industrial Board was without jurisdiction and entered an order dismissing said application. Appellant, in due time, applied for a review before the full Industrial Board, and the full board, having reviewed the record, made and entered a finding that the order entered by the single member should be set aside and held for naught and ordered the cause remanded for hearing before a single member of the board. A hearing was then had before a single member who found for appellant and that his injury had resulted in a permanent partial impairment to his arm in the amount of 75 per cent and that appellant recover compensation at the rate of $16.50 a week beginning September 11, 1934, and continuing for the full period of 75 per cent permanent partial impairment to the left arm. In due time appellee applied for a review before the full Industrial Board, and, on the 5th day of August, 1936, the full board made a finding setting out all of the proceedings had in said

cause from the filing of appellant's original application for the adjustment of a claim for compensation on December 7, 1934, down to the date of its award, and the board further found for the appellee on appellant's application filed August 19, 1935, to review an award because of a change in conditions. Upon this finding there was an award that appellant take nothing by his complaint herein and that he pay the costs of this proceeding. It is from this last award appellant appeals, assigning as error that the award of the full Industrial Board is contrary to law.

Upon examination of the finding and order made and entered by the full Industrial Board on the 15th day of April, 1935, from which award no appeal was taken, it is apparent that the board failed to find as an ultimate fact that claimant was an employee; that he received an injury by accident; that the accident arose out of and in the course of the employment; the character and extent of such injury; and claimant's average weekly wage, which ultimate facts must be found by the board as a legal basis for an award of compensation in cases of this character.

It has been firmly established by this court that the failure of the Industrial Board to find an essential ultimate fact is the equivalent of a finding against the party having the burden of establishing such fact. *Raynes* v. *Straats-Raynes Co.* (1918), 68 Ind. App. 37, 119 N. E. 809; *S. J. Peabody Lumber Co.* v. *Miller* (1922), 77 Ind. App. 251, 133 N. E. 591; *Chicago, etc., R. Co.* v. *Kaufman* (1921), 78 Ind. App. 474, 133 N. E. 399; *Hufford* v. *Livingston* (1922), 79 Ind. App. 519, 137 N. E. 279; *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435; *National Biscuit Co.* v. *Roth,* (1925), 83 Ind. App. 21, 146 N. E. 410; *Poe* v. *Caswell-Runyan Co.* (1930), 91 Ind. App. 304, 171 N. E. 223; *Czuczko* v. *Golden-Gary Co., Inc.* (1931),

94 Ind. App. 47, 177 N. E. 466; *Pettit* v. *Continental Baking Co.* (1932), 94 Ind. App. 250, 180 N. E. 607; *Finkley* v. *Eugene Saenger Tailor Shop* (1935), 100 Ind. App. 549, 196 N. E. 536. Since neither party took any steps to have said award under date of April 15, 1935, set aside or superseded, and no appeal was taken, it therefore became a full and final adjudication of the appellant's condition at the time it was made and of the appellee's liability to pay compensation to him, subject only to the right of either party, within the time allowed by law, to have a modification thereof on account of a change in appellant's condition, if any should occur subsequently thereto, as provided in section 45 of the Workmen's Compensation Act (Acts 1929, section 40-1410 Burns 1933, §16421 Baldwin's 1934) ; *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; *Smith* v. *Brown* (1924), 81 Ind. App. 667, 144 N. E. 849; *Sumpter* v. *Colvin* (1933), 98 Ind. App. 453, 190 N. E. 66. Said section 45, so far as material here, provides: "The power and jurisdiction of the Industrial Board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act. . . ."

It is evident that appellant, by filing his application for an award of compensation on account of a change in conditions, did not thereby begin a new proceeding, but merely took another step in the proceeding before the Industrial Board which was instituted when he filed his original application for the adjustment of his claim. Therefore, appellant's application must be governed by the provisions of section 45 of

the above act. *Indianapolis Bleaching Co.* v. *Morgan* (1921), 75 Ind. App. 672, 129 N. E. 644.

In order to recover compensation on account of a change in conditions in the character and extent of the injury under the provisions of said section 45, ██ claimant must have had an award of compensation as a legal basis therefor. Under the issues presented by appellant's application, he cannot avail himself under the provisions of this section of the act to a review of any of the essential ultimate facts necessary to be established and which were adjudicated in the original award. *Pedlow* v. *Swartz Electric Co., supra.*

All of the evidence introduced before the board or any member thereof at the first hearing in such proceeding was before it on said last hearing without any further introduction by either party. It was the duty of the board to take cognizance of the evidence and its record on the original hearing and consider them with all of the proper evidence introduced on appellant's last application in determining whether appellant was entitled to compensation. Here the record not only fails to show an award of compensation, but discloses that claimant was denied compensation on his original claim, from which award no appeal was taken.

In view of the condition of the record as it comes to us, we affirm the award of the full Industrial Board.

Award affirmed.

Bridwell, C. J. not participating.

Kime, J. concurs.