## EDWARD IRON WORKS *v.* THOMPSON.

[No. 11,662.  Filed December 7, 1923.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Permanent Partial Impairment.—Statute.*—Under Clause (h) of §31
   of the Workmen's Compensation Act, as amended in 1919
   (Acts 1919 p. 162, §8020o1 Burns' Supp. 1921), the words
   "permanent partial impairment" refer to physical impairment,
   and mean that the compensation to be awarded for injuries
   resulting in permanent partial impairment which fall within
   this clause shall be in proportion to the degree of the injured
   employe's physical impairment, and not his impairment of
   earning power (*Centlivre Beverage Co.* v. *Ross*, 71 Ind. App.
   343, distinguished).  p. 579.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Permanent Partial Impairment.—Amount of Award.—Statute.*—Compensation for permanent partial impairment is not limited by
   the provision of §40 of the Workmen's Compensation Act
   (Acts 1919 p. 162, §8020x1 Burns' Supp. 1921) making the
   maximum compensation under the act of $5,000; that provision
   not being intended as a primary basis for the determination of
   the compensation to be paid under the act, but was intended
   to serve as a limitation only.  p. 582.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Edward S. Thompson against the Edward Iron Works. The parties entered into an agreement for compensation, which was approved by the Industrial Board. Subsequently, the employer petitioned for a review on account of changed conditions. From an award in favor of the employe, the employer appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens* and *Frank T. McConnell,* for appellant.

*Charles W. Bingham,* for appellee.

REMY, C. J.—On February 4, 1922, appellee while in the employment of appellant as a worker in structural metal at an average weekly wage of $36 received an injury arising out of and in the course of his employment, by reason of which he was totally disabled. On March 18, 1922, appellant and appellee entered into a compensation agreement which was approved by, and became the award of, the Industrial Board. On July 14, 1922, appellant made application for a review on account of changed conditions. At the hearing, the evidence showed that appellee's injuries consisted of a partial deafness and a dizziness, and that at that time appellee was earning at employment, other than that of metal worker, the sum of $19.61 per week. The board found that since the award there had been a change in appellee's condition, in that the injury had resulted in a permanent partial impairment, and that "by said permanent partial impairment," appellee was "permanently impaired 50 per cent. as a man," that is, he had "lost 50 per cent. of his ability to perform manual labor." There was an award of 250 weeks' compensation at $13.20 per week. Appellant has assigned as error that the award is contrary to law.

Appellee's claim is for an injury resulting in permanent partial physical impairment. The only provisions of the Workmen's Compensation Act for an award for permanent impairment, whether partial or total, are those found in §31 of the act. Acts 1919 p. 162, §8020o1 Burns' Supp. 1921. The introductory clause of §31 is as follows: "For injuries in the following schedule the employe shall receive, in lieu of all other compensation on account of said injuries, a weekly compensation of fifty-five per cent. of his average weekly wages for the periods stated, for said injuries, respectively to wit:"

Then follows the schedule, consisting of twelve clauses, designated respectively by letters of the alphabet from (a) to (l), inclusive. Clauses from (a) to (g) inclusive, fix definitely the compensation to be awarded for certain specified permanent physical injuries. Clause (h) is in the following language: "In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the Industrial Board, not exceeding five hundred weeks."

Clause (i) provides a method for fixing the amount of compensation to be paid for permanent disfigurement, and clauses (j), (k) and (l), for temporary disability, whether total or partial. Clause (k) specifically provides: "For injuries causing temporary partial disability for work, compensation shall be paid to the injured employe  *  *  *  equal to 55% of the difference between his average weekly wages and the weekly wages at which he is actually employed after the injury, for a period not to exceed three hundred weeks."

Appellee's injury, partial deafness coupled with dizziness, although found by the board to have re-
1.  sulted in a permanent partial impairment of fifty per cent. of appellee's ability to perform manual

labor, is not one for which compensation is arbitrarily and definitely fixed, and is, therefore, an injury for which compensation must be awarded as provided in clause (h). Appellant concedes that the award to appellee, if any, must be made under clause (h), but earnestly contends that under that clause, it is only to the extent that the permanent partial impairment reduces the employe's earnings that he can be compensated. We cannot concur in this view. A proper construction of clause (h) requires that it be considered in connection with all of the section of which it is a part. From an examination of the entire section, it is apparent that the legislature intended thereby to provide a method for fixing the amount of compensation to be awarded in all cases where there had been a physical injury resulting either in disability or permanent impairment. To carry out this intention, injuries are divided into two general classes, permanent and temporary. As above stated, the clauses of the section which precede clause (h) arbitrarily and definitely fix the compensation to be awarded for many specific permanent injuries. That the awards for injuries specified in the clauses preceding (h) are to be made in the amounts there fixed, regardless of the earning capacity of the injured employe, is not questioned, nor can it be. Doubtless the legislature, recognizing that it would be impossible to anticipate and make specific provision for every form of injury that would result in a permanent partial impairment, inserted the general provision, designated as clause (h), that in all other cases of permanent partial impairment, compensation shall be proportionate to the degree of such permanent partial impairment. If the legislature had intended that in cases coming within clause (h), the amount of compensation should be determined by the loss of the employe's earning capacity, it would have been an easy

matter so to have stated, just as was in fact provided as to temporary disabilities by clause (k). It seems incredible that the legislature should have intended that compensation for the permanent injuries specifically described in the clauses which precede (h) in the section should be measured by the physical impairment, but for the unclassified injuries resulting in permanent partial impairment, and which .fall within clause (h), compensation should be measured by loss of earning capacity. Manifestly, the words "permanent partial impairment," as used in clause (h), refer to physical impairment, and the clause must be construed to mean that the compensation to be awarded for injuries resulting in permanent partial impairment, which fall within the clause, shall be in proportion to the degree of the injured employe's physical impairment, and not his impairment of earning power. See *Hercules Powder Co.* v. *Morris Common Pleas* (1919), 93 N. J. Law 93, 107 Atl. 433; *London, etc., Guarantee Co.* v. *Industrial Commission* (1921), 70 Colo. 256, 199 Pac. 962; *Superior, etc., Mining Co.* v. *Bishop* (1922), 85 Okla. 204, 205 Pac. 497; Harper, Workmen Compensation §161.

The case of *Centlivre Beverage Co.* v. *Ross* (1919), 71 Ind. App. 343, 125 N. E. 220, cited and relied on by appellant is readily distinguished from the case at bar. In that case the law governing compensation for injuries resulting in permanent partial disability, and which the court had under consideration, was the last clause of §31 of the original Workmen's Compensation Act. Acts 1915 p. 392. In 1919 the legislature amended §31 of the original act in many particulars, one of the amendments being that clause (h) of the present statute was substituted for the old provision governing compensation for permanent partial disability. Under the last clause of §31 of the original act, provision for compensation was made "for all other

cases of permanent partial disability;" while in clause (h) of the present statute the word "disability" is not used, but in its stead the word "impairment." Not only is this true in the clause above quoted, but throughout §31, as amended, the word "disability" is used where the condition resulting from the injury for which compensation is sought is temporary, and the word "impairment" is used where the resulting condition is permanent. This use of the two words is significant. "Disability," as used, means inability to work, while the meaning of the word impairment as used is the loss of a function. It will also be observed that, under the original act, the compensation in such cases was not to be, as the present law provides, "proportionate to the degree of such permanent partial impairment," but was to be paid "when and in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of the average weekly wages for a period of two hundred weeks." It seems clear that the legislature intended so to amend the clause of the original act which was construed in the Centlivre case that in making awards in all cases of permanent partial impairment, not covered by the clauses of §31 (Acts 1919 p. 158, *supra)* from (a) to (g) inclusive, the compensation should be in proportion to the injured employe's physical impairment, and should not be measured by the diminution of his earning power.

Appellant points out that the finding of the board was that appellee had suffered a fifty per cent. permanent partial impairment, and, upon the finding, made an award of $13.20 per week for 250 weeks, a total of $3,300, and suggests that the award is excessive, the amount being more than one-half of $5,000, the maximum which, under §40 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.,* Burns' Supp. 1921), could be awarded for a

permanent total disability. The same question was presented in the case of *In re Swartz* (1922), 77 Ind. App. 277, 133 N. E. 506, and decided adversely to appellant's contention. The conclusion reached by this court in that case, and to which we adhere, was that the provision of §40, Acts 1915 p. 392, *supra*, that the total compensation payable under the act should in no case exceed $5,000, "was not intended to serve as a primary basis for the determination of compensation to be paid under any provision of the act, but was intended to serve as a limitation only."

The award is affirmed.