## SMITH v. BROWN.

[No. 12,007.   Filed October 8, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Com-
pensation Agreement Equivalent to Award.*—A compensation
agreement, approved by the Industrial Board, has the force and
effect of an award by the board.   p. 670.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Com-
pensation Agreement.—Effect of.—Statute.*—A compensation
agreement, approved by the Industrial Board, is a full and final
determination of the employee's condition at the time it was
made, and of the employer's liability for the payment of the
agreed compensation, subject only to the right of either party,
under §45 of the Workmen's Compensation Act, as amended
Acts 1919 p. 158, §8020c2 Burns' Supp. 1921, on account of
a change in employee's condition.   p. 670.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Com-
pensation Agreement.—Modification Because of Changed Con-
dition of Employee.—Burden of Proof.*—An employee seeking

a modification of an approved compensation agreement has the burden of establishing every fact essential to such modification.  p. 670.

4.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Modification of Compensation Agreement.—Permanent Partial Impairment.*—Where an award or compensation agreement was based on a finding of permanent partial impairment, a modification of the award or agreement by increasing the period of time for which the payments were to be made, because of increased disability to work, was contrary to law, where the Industrial Board expressly stated that it was unable to determine whether the degree of the employee's permanent partial impairment had been increased.  p. 671.

5.  MASTER AND SERVANT.—*Workmen's Compensation Act.—Permanent Partial Impairment.—Increase of Compensation.—Increased Impairment Must be Found.—Statute.*—Under §45 of the Workmen's Compensation Act, as amended Acts 1919 p. 158, §8020c2 Burns' Supp. 1921, a modification of an award or compensation agreement for permanent partial impairment of a leg by increasing the compensation period is contrary to law unless increased permanent partial impairment is found, notwithstanding a finding of an increased disability to work.  p. 673.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by James Brown against H. M. Smith, employer, to have a compensation agreement modified by increasing the same.  From an award in claimant's favor, the defendant appeals.  *Reversed.*

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellant.

BATMAN, J.—Appellee filed a petition under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921) to have an award of compensation in his favor against appellant modified by increasing the same, on account of a change in conditions.  On a hearing before the full Industrial Board on review it was found, in substance, among other things, that on October 27, 1921. appellee was in the employment of appellant, and on said date received a

personal injury by accident arising out of and in the course of his employment; that on December 7, 1921, the parties entered into a compensation agreement by which appellant agreed, among other things, to pay appellee compensation at the rate of $8.25 per week for the period of his temporary disability, beginning on November 4, 1921, which agreement was duly approved by the Industrial Board; that on January 23, 1923, the parties entered into a supplemental agreement by which it was agreed that the injury to appellee had resulted in a sixty-six and two-thirds per cent. permanent impairment of his right leg below the knee, and that, by reason of that fact, appellant would pay appellee compensation at the rate of $8.25 per week for 100 weeks, beginning on November 4, 1921, which agreement was approved by the Industrial Board; that thereafter, on January 23, 1923, the parties entered into a further agreement by which appellee was to receive from appellant 38. weeks compensation in a lump sum— compensation for the remaining portion of said 100 weeks having theretofore been paid, which agreement was approved by the Industrial Board; that pursuant to said agreement, appellant paid appellee the full amount of said lump sum and took his final receipt therefor. The finding of the Industrial Board then concludes as follows:

"That since the filing of said lump sum agreement and final receipt there has been a change in the plaintiff's condition; that on the date of the original hearing, his disability, resulting from the injury, had recurred and increased and he was at said time wholly disabled for work as a result of his injury, but the Board is unable to determine whether or not the degree of permanent partial impairment has been thereby increased." Based on these facts, appellee was awarded compensation at the rate of $8.25 per week, beginning October 17, 1923,

and to continue during the period of his total disability, resulting from such recurrence, such compensation thereby and theretofore awarded, however, not to exceed 500 weeks as to time or $5,000 as to amount. From this award appellant, has appealed, alleging that it is contrary to law.

A consideration of the facts found discloses that they are not sufficient to sustain the award for the following reasons: The approved agreement, made by the 1-3. parties on January 23, 1923, has the force and effect of an award. *In re Stone* (1917), 66 Ind. App. 38; *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400; *Home Packing, etc., Co.* v. *Cahill* (1919), 71 Ind. App. 245. Appellee recognizes that it was properly made, and is still in force, by seeking to have the same modified, pursuant to §45 of the Workmen's Compensation Act, *supra*. *Peoples Trust Co., Gdn.,* v. *Warner Gear Co.* (1923), 80 Ind. App. 401. In that agreement, it was stipulated that the injury to appellee had resulted in a sixty-six and two-thirds per cent. permanent impairment of his right leg below the knee, and that he should receive compensation from appellant for 100 weeks by reason thereof. Thus appellee's condition at that time was specifically determined, and the period for the payment of compensation was definitely fixed. As neither of the parties took any step to have the agreement set aside or superseded, it became a full and final determination of appellee's condition at the time it was made, and of appellant's liability for the payment of compensation, subject only to the right of either party to have a modification of the period for the payment of compensation, on account of a change in appellee's condition, if any should occur subsequent thereto, as provided in said §45, *supra*. *Pedlow* v. *Swartz Electric Co., supra; Indianapolis Bleaching Co.* v. *Morgan* (1921), 75 Ind. App. 672. It will be observed

that appellee's condition was specifically determined to be "a sixty-six and two-thirds per cent. permanent impairment of his right leg below the knee", at the time the said agreement for the payment of compensation for 100 weeks was made, and further that the Industrial Board has expressly found that it is unable to determine whether or not the degree of appellee's permanent partial impairment has been increased. Thus it appears that the board has not only failed to find one of the facts essential to a modification of the agreed period for the payment of compensation, but has expressly declared its inability to determine such fact from the evidence submitted, as appears from the last clause of that portion of the finding quoted above. As the burden of establishing every fact essential to such a modification rested upon appellee, it follows that the award challenged by this appeal is contrary to law.

In reaching the conclusion stated, we have not been unmindful of that part of the finding quoted above, which reads as follows: "that since the filing of said lump sum agreement and final receipt, there has been a change in plaintiff's condition; that on the date of the original hearing, his disability, resulting from the injury had recurred and increased, and he was at the time wholly disabled from work, as a result of his injury." It is here stated that there has been a change in appellee's condition, but it clearly appears that such change relates only to his ability to work—a fact which cannot be made the basis of an award under said §45, supra, where the original or prior award, which it is sought to have modified, is based on a permanent partial impairment of a member, as in the instant case. This is true because an award, based on such an injury, is made for the loss of the function of the member, or, as sometimes stated, for the injury itself—the period of compensation being determined

from the degree of such impairment, and not from the actual disability resulting therefrom. *In re Denton* (1917), 65 Ind. App. 426; *Underhill* v. *Central Hospital, etc.* (1917), 66 Ind. App. 44; *H. K. Toy, etc., Co.* v. *Richards* (1917), 68 Ind. App. 653; *Garton* v. *Kleinknight* (1920), 74 Ind. App. 267; *Standard Cabinet Co.* v. *Landgrave* (1921), 76 Ind. App. 593; *Edwards Iron Works* v. *Thompson* (1923), 80 Ind. App. 577. As said in the case of *In re Denton, supra:*

"This section (§31 of the Act of 1915) deals with such injuries not from the standpoint of any total disability that may result temporarily or any disability that may continue through the period fixed by the section, but from the standpoint of the consequent permanent disability, and resulting diminution in earning power extending through life. The specific portions of the section assume that from the respective scheduled injuries a handicap of certain gravity will result, for which compensation is arbitrarily fixed, regardless of the actual disability and loss of capacity. Where a workman suffers an injury covered by §31, he is entitled to the compensation fixed by that section, not because of the actual extent of the resulting disability, but because the section so declares. It is possible for a case to arise where the loss of an arm, in the absence of other injuries, may by reason of complications totally disable a workman for more than 200 weeks. His compensation, however, under §31, his total disability not being permanent, would be limited to 200 weeks. It is possible, however, in case of such an injury, that the workman may in a short time be able to follow some line of work in which he may be able to earn substantial wages, possibly equal to his former wages. Nevertheless, under §31, he would be entitled to compensation for 200 weeks, although during a considerable portion of that time he was earning or receiving substantial

wages. Such are the limits of the workman's rights under §31."

It is obvious that, while the loss of earning power may be evidence, tending to show the extent of the impairment, the *mere* fact that an injured employee's

5. earning power has either increased or decreased will not afford a basis for modifying an award for permanent partial impairment, as it was evidently intended that such an award should cover all disability arising therefrom, whether total or partial, and should be effective although no actual disability should result. *Kerwin* v. *American, etc., Exp. Co.* (1922), 273 Pa. 134, 116 Atl. 655; *Lente* v. *Luci* (1922), 275 Pa. 217, 119 Atl. 132, 24 A. L. R. 1462. It follows that unless there has been such a change in appellee's condition as warranted the Industrial Board in finding that the degree of his permanent partial impairment, as theretofore determined, had been increased, no basis existed for modifying the period for the payment of compensation. No such change was found, and hence we must adhere to our conclusion that the award made is contrary to law, notwithstanding the further finding as to appellee's disability for work. Award reversed for further proceedings consistent with this opinion.