NORTHERN INDIANA POWER COMPANY *v.* HAWKINS.

[No. 12,161.  Filed March 17, 1925.]

1. MASTER AND SERVANT.—*Finding of Industrial Board of employee's impairment "to work and earn wages" does not sustain award for impairment, which refers to the impairment of a bodily function.*—Strictly speaking, the word "disability," as used in the Workmen's Compensation Act, means inability to work, while "impairment" refers to the total or partial loss of the function of a member or of the body as a whole, and a finding by the Industrial Board of a "permanent partial impairment as a man, that is, he is * * * permanently impaired to work and earn wages" clearly shows that the

award was based on a diminution in earning power instead of a permanent partial impairment of a bodily function, and will not support an award for permanent partial impairment (*Centlivre Beverage Co.* v. *Ross,* 71 Ind. App. 343, distinguished). p. 555.

2. MASTER AND SERVANT.—*Finding of facts by Industrial Board must be sufficient to sustain award.*—The Industrial Board is not bound by the strict rules of procedure applicable in actions at law, but it is required to make a finding of facts sufficient in each instance to sustain the award therein, and if such a finding is not made, the award will be reversed on appeal. p. 556.

3. MASTER AND SERVANT.—*Rules for findings by Industrial Board as to "impairment" and "disability" stated.*—When an injury to an employee causes a "temporary total disability" for work, the finding and award of the Industrial Board must be made under clause "j" of §31 of the Workmen's Compensation Act, §8020o1 Burns' Supp. 1921, Acts 1919 p. 158; if it causes "temporary partial disability," it must be made under clause "k"; if it causes a "permanent partial impairment" of some bodily function or member not included in the preceding clauses, it must be made under clause "h"; in order to sustain an award under clause "h," there must be a finding that there is a "permanent partial impairment," and not that there is a "permanent partial disability to work and earn wages." p. 557.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Evan Hawkins against the Northern Indiana Power Company. From an award for claimant, the defendant appeals. *Reversed.*

*Bell, Kirkpatrick, McClure & Elliott,* for appellant.
*Overton & Manning* and *Turner, Adams, Merrell & Locke,* for appellee.

McMAHAN, J.—This is an appeal from the Industrial Board. In accordance with an agreement, appellee was awarded compensation during total disability. Later appellant filed an application for a review on account of a change in condition, alleging that the disability of appellee had ended. Appellee also filed an

application to review on the ground that his injury had resulted in a permanent partial impairment.

A hearing on these applications was had before a single member, and on September 12, 1924, the full board on review made a finding that appellee's injury had resulted in an eighty per cent. "permanent impairment as a man, that is he is 80 per cent. impaired to work and earn wages." Appellee was awarded 400 weeks compensation at the rate of $13.20 per week, the total not to exceed $5,000. On September 17, appellant filed a verified petition to vacate and set aside the award, for certain specified reasons. This motion was dismissed by the board on its own motion. The errors assigned are that the board erred in overruling the motion to vacate the award, and that the award is contrary to law.

Having come to the conclusion that the award must be reversed because of the insufficiency of the finding to sustain the award, we need not, and do not, pass upon the question relating to the dismissal of the motion to vacate the award.

Clauses (a), (b), (c), (e), (f), and (g) of §31 of the Workmen's Compensation Act, as amended Acts 1919 p. 158, §8020o1 Burns' Supp. 1921, fix definitely the compensation to be awarded for certain specified permanent partial impairments of the body. Clause "h" provides that, in all other cases of permanent partial impairment, there shall be allowed compensation proportionate to the degree of such permanent partial impairment, in the discretion of the Industrial Board, not exceeding five hundred weeks. Clause (d) provides for compensation in cases of total permanent disability. Clause (i) provides for compensation for permanent disfigurement, and clauses (j), (k) and (l), for temporary disability, whether total or partial. The only provisions in the act for compensation are those

just enumerated. There is no provision authorizing compensation for permanent partial disability or incapacity "to work and earn wages."

There is some confusion in our Workmen's Compensation Act (*supra*) in the use of the words "impairment" and "disability," and this confusion is carried into some of the opinions of this court.

Strictly speaking, the word "disability" as used in our Workmen's Compensation Act, (*supra*) means inability to work, while "impairment" refers to the total or partial loss of the function of a member or of the body as a whole. *Edwards Iron Works* v. *Thompson* (1923), 80 Ind. App. 577, 141 N. E. 530. The court of appeals of New York, speaking on this subject, said: "The word 'disability' in the law as we read it, therefore, means 'impairment of earning capacity' and 'loss of a member.'" *Marhoffer* v. *Marhoffer* (1917), 220 N. Y. 543, 116 N. E. 379. See, also, *Moses* v. *National, etc., Co.* (1921), 194 Iowa 819, 184 N. W. 746; *Employers' Mut. Ins. Co.* v. *Industrial Comm.* (1921), 70 Colo. 228, 199 Pac. 482.

This distinction must be kept in mind at all times in proceedings before the Industrial Board. In all cases arising under clause "h" of the act, there must be a finding that the injury has resulted in a *permanent partial impairment*. Whether it is necessary that the per cent. of such impairment be stated in the finding is not involved in this appeal, and we express no opinion on that question. In the instant case, if the board had found that the injury had "resulted in an 80 per cent. permanent impairment as a man" and stopped with that statement, without qualifying it by adding the words, "that is he is 80 per cent. permanently impaired to work and earn wages," the finding would have been sufficient to sustain the award. The board, by the use of the qualifying expression, clearly indicates that the

award is based upon a diminution in earning power instead of upon a permanent partial impairment of a bodily function. *Centlivre Beverage Co.* v. *Ross* (1919), 71 Ind App. 343, is not applicable to the statute as amended by Acts 1919 p. 158.

In *Smith* v. *Brown* (1924), 81 Ind. App. 667, 144 N. E. 849, this court, in speaking of an award based on a permanent partial impairment of a member, said: "* * * An award, based on such an injury, is made for the loss of the function of the member, or, as sometimes stated, for the injury itself—the period of compensation being determined from the degree of such impairment, and not from the actual disability resulting therefrom." And after quoting from *In re Denton* (1917), 65 Ind. App. 426, 117 N. E. 520, the court, continuing, said: "It is obvious that, while the loss of earning power may be evidence·tending to show the extent of the impairment, the *mere* fact that an injured employee's earning power has either increased or decreased will not afford a basis for modifying an award for permanent partial impairment, as it was evidently intended that such an award should cover all disability arising therefrom, whether total or partial, and should be effective although no actual disability should result."

While the Industrial Board is not bound by the strict rules of procedure applicable in actions at law, it is required to make a finding of facts sufficient to sustain the award. See §§60 and 61 of the act, Acts 1917 p. 154, §§8020r2, 8020s2 Burns' Supp. 1921. If the facts found are not sufficient to sustain the award, it necessarily leads to a reversal when properly presented on appeal. It is important, therefore, that, in making its finding, the board should state accurately whether the person suffered a disability or an impairment. The legislature never intended that all rules of law relative to orderly procedure should be ig-

nored. This is indicated by the fact that it is specifically provided that at least two members of the Industrial Board shall be attorneys, and that the chairman of the board shall be an attorney of recognized qualifications. The evident idea being that these men, by reason of their professional training, will be able to, in a way, direct and mold the proceedings before the board so that an award when made will be based upon a proper finding of facts and conform to the law.

When the injury causes a *temporary total disability* for work, the finding and award must be made under clause "j" §31, *supra.* If it causes *temporary* 3. *partial disability,* it must be made under clause "k." If it causes a *permanent partial impairment* of some bodily function or member not included in clauses preceding, it must be made under clause "h." As heretofore stated, in order to sustain an award under clause "h," there must be a finding that there is a *permanent partial impairment,* and not a finding that there is a *permanent partial disability to work and earn wages* as was found in this case.

The award is reversed, with directions to hear further evidence and to find the facts concerning any permanent partial impairment of the body or of some member. But if the board finds there is no permanent partial impairment of the body or of some member thereof at the time of the hearing, but that there is, or has been, a total, or a temporary partial, disability to work and earn wages, to find the facts in that regard. And the board is directed to make an award according to the facts found to exist.

Dausman, C. J., dissents.