## SUMPTER *v.* COLVIN.

[No. 15,168.   Filed April 17, 1934.]

*R. L. Bailey,* for appellant.

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke,* and *James V. Donadio,* for appellee.

CURTIS, J.—This is an appeal from a final award of the Full Industrial Board of Indiana. By quoting the stipulation of the parties herein an understanding of the matters leading up to the instant case can be had. We quote as follows: "It can be stipulated and agreed that on February 25, 1932, while in the employ of the defendant at an average weekly wage of $30.40, the plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendant had knowledge and furnished medical attention; that on March 10, 1932, a compensation agreement was entered into between the parties, providing for the payment of compensation at the rate of $16.50 per week during temporary total disability not exceeding the period fixed by law beginning on March 3, 1932; that said agreement was approved by the Industrial Board of Indiana on March 17, 1932; that on November 10, 1932, defendant filed its application to review an award on account of a change in conditions, alleging that the disability of said employee on account of said injury has diminished since the date of said award; that the disability of said employee ended since the date of said award; that said injury has resulted in a permanent partial impairment; that said cause was called for hearing at the rooms of the Industrial Board in the State House in the city of Indianapolis, county of Marion, Indiana, on January 6, 1933, at which time the parties submitted the matter at issue by stipulation.

And the hearing member having heard such stipulation finds that on February 25, 1932, while in the employ of the defendant at an average weekly wage in excess of $30.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendant had knowledge and furnished medical attention; that thereafter on March 10, 1932, compensation agreement was executed between the parties, providing for the payment of compensation at the rate of $16.50 per week during total disability not exceeding the period fixed by law beginning on March 3, 1932. That under the terms of said agreement plaintiff has received 36 weeks' compensation in the sum of $594.00. It is further found that as a result of said accidental injury sustained on February 25, 1932, plaintiff has suffered a permanent partial impairment equal to 15 per cent of the man as a whole; that thereafter on January 9, 1933, the award was made allotting the plaintiff 75 weeks' compensation at the rate of $16.50 per week beginning on March 3, 1932, defendant to be given credit for all compensation heretofore paid; that under the terms of said agreement compensation has been paid to August 3, 1933, for a total of 74 weeks or $1,221.00; that thereafter on August 14, 1933, plaintiff filed his form No. 14 being an application for the review of an award on account of a change in conditions alleging that the disability of said employee on account of said injury has recurred since the date of said award; that the disability of said employee on account of said injury has increased since the date of said award; that said injury has resulted in a permanent partial impairment; that said injury has resulted in a permanent disfigurement of the plaintiff, and that prior to the filing thereof a good faith effort was made to adjust the matters in dispute and parties disagreed."

"This case arises out of the appellant's application for

a review of the award of the board made on January 9, 1933, as above mentioned and the order and award made in the instant case by the board under date of November 14, 1933. As indicated above the appellant's application for review was because of asserted change of conditions, it being alleged therein (1) that the disability of said employee on account of said injury has recurred since the date of said award; (2) that the disability of said employee on account of said injury has increased since the date of said award; (3) that said injury resulted in a permanent partial impairment; (4) that said injury has resulted in a permanent disfigurement of the plaintiff." During the hearing of the appellant's application before the single member of the board, the appellee moved to strike out of the appellant's application the first two allegations thereof as above set out, which motion was sustained. Upon the hearing the single member found for the appellee on the third and fourth allegations of the appellant's application, the finding on the third being that it raised no issue, the same having been adjudicated by the order of the Industrial Board made as of January 9, 1933. The finding on the 4th allegation was that the board had no jurisdiction over the issue sought to be presented. The order of the single member was in accordance with the finding. On September 25, 1933, the appellant filed his application for a review before the full board. On November 14, 1933, the full board made its finding and award. We quote a part of it as follows: "It is further found that on August 14, 1933, plaintiff filed his application to review an award because of a change in conditions, alleging that the disability of said employee on account of said injury has recurred since the date of said award; that the disability of said employee on account of said injury has increased since the date of said award; that said injury has resulted in a

permanent partial impairment. That said injury has resulted in a permanent disfigurement of the plaintiff.

"And the full Industrial Board now finds for the defendant as against plaintiff on plaintiff's application filed on August 14, 1933, that such application raises no issue at this time.

### ORDER.

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff shall take nothing by his complaint herein and shall pay the costs of this proceeding."

The appellant prayed and perfected this appeal, assigning as error that the award of the full Industrial Board is contrary to law. This assignment is sufficient to present all questions sought to be presented.

At the outset it is pertinent to note that there is no proposition, point, or authority in the appellant's brief addressed to any ruling of the board as to the admission or exclusion of evidence and we will presume, therefore, that the rulings of the board in that respect are correct.

The appellant's main difficulties arise, we think, from his apparent failure to distinguish between the term *disability* and the term *impairment* as used in Workmen's Compensation law. The term disability as used in the act means inability to work while the term impairment means the partial or total loss of the function of a member or members of the body or of the body as a whole. See *Northern Indiana Power Company* v. *Hawkins* (1924), 82 Ind. App. 552, 146 N. E. 879; *L. B. Roush* v. *W. R. Duncan & Son et al.* (1933), 96 Ind. App. 122, 183 N. E. 410. The award which the appellant seeks to review in the instant case, to wit: the award of January 9, 1933, was an award of 15 per cent permanent partial impairment of the ap-

pellant as a man under Schedule (h) of Section 31 of the Workmen's Compensation Act, and was based upon a finding that the appellant's injuries had reached a quiescent and permanent stage and that as a result of the injury that appellant had sustained a permanent partial impairment to the extent of 15 per cent of his body as a whole for which he was awarded compensation for 75 weeks. We quote from the finding therein as follows: "It is further found that as a result of the accidental injury sustained on February 25, 1932, plaintiff has suffered a permanent partial impairment equal to 15 per cent of the man as a whole." That finding and award was unappealed from and in fact it was made in pursuance of a stipulation of the parties.

Since neither party took any steps to have said award set aside or superseded and no appeal was taken, it, therefore, became a full and final adjudication of the appellant's condition at the time it was made and of the appellee's liability to pay compensation to him, subject only to the right of either party within the time allowed by law to have a modification thereof on account of a change in appellant's condition, if any should occur subsequently thereto, as provided in section 45 of the compensation act. See *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; *Smith* v. *Brown* (1924), 81 Ind. App. 667, 144 N. E. 849.

Where the award is based upon the schedules of section 31 of the compensation act, as was the award of January 9, 1933, which the appellant seeks to review in the instant case, such award is made for the injury itself, the period of compensation being determined from the degree of such impairment and in accordance with the schedules, and not from the actual disability resulting therefrom. As an illustration, a case might arise where the loss of an arm, in the absence of other injuries, may, by reason of complica-

tions totally disable a workman for more than 200 weeks, the period allowed in the schedule of section 31 of the act for the loss of an arm, yet his compensation would be limited to 200 weeks, provided his total disability was not permanent. On the other hand he might in a short time after the accident be able to follow some line of work in which he might earn a substantial wage, possibly equal to or more than his former wage, yet under section 31 he would be entitled to compensation for the full 200 weeks fixed in the schedule. Such are the limitations of the rights of the injured employee under the act.

We quote from *Smith* v. *Brown, supra,* the following which is applicable to the instant case: "It is obvious that, while the loss of earning power may be evidence, tending to show the extent of the impairment, the mere fact that an injured employee's earning power has either increased or decreased will not afford a basis for modifying an award for permanent partial impairment, as it was evidently intended that such an award should cover all disability arising therefrom, whether total or partial, and should be effective although no actual disability should result." In speaking of the distinction between the term disability and the term impairment this court said, "This distinction must be kept in mind at all times in proceedings before the Industrial Board. In all cases arising under clause (h) of the act, there must be a finding that the injury has resulted in a permanent partial impairment. Whether it is necessary that the per cent of such impairment be stated in the finding is not involved in this appeal, and we express no opinion on that question. In the instant case, if the board had found that the injury had "resulted in an 80 per cent permanent impairment as a man" and stopped with that statement, without qualifying it by adding the words, "that is he is 80 per cent

permanently impaired to work and earn wages," the finding would have been sufficient to sustain the award. The board, by the use of the qualifying expression, clearly indicates that the award is based upon a diminution in earning power instead of upon a permanent partial impairment of a bodily function." See *Northern Indiana Power Co.* v. *Hawkins, supra.*

From what has been said it is apparent that unless there has been such change in the appellant's condition as would warrant the Industrial Board in finding that the degree of his permanent partial impairment has been increased since the award of January 9, 1933, no basis exists for modifying the period for the payment of compensation. None of the four allegations of the appellant, which we heretofore set out, attempted in any way to present such a question. He has sought to present questions only as to his disability. See *Smith* v. *Brown, supra.*

The contention of the appellant that he is entitled to compensation for permanent disfigurement is answered against him by the statute which says: "(i) In all cases of permanent disfigurement, which may impair the future usefulness or opportunities of the employee, compensation in the discretion of the industrial board, not exceeding two hundred weeks, except that no compensation shall be payable under this paragraph where compensation is payable under paragraphs (a) to (h) inclusive of section 31." See, also, *Central Indiana Coal Company* v. *Meek* (1931), 93 Ind. App. 9, 177 N. E. 332.

Moreover, in the instant case the board heard and considered evidence and failed to find that there was any change in condition of the appellant that could warrant them in modifying the said award of January 9, 1933.

We have found no reversible error. The award is affirmed.