FRAZIER v. KNOX CONSOLIDATED COAL CORPORATION.

[No. 16,981.   Filed January 30, 1943.]

*Frank Hamilton*, of Terre Haute, for appellant.

*Hays & Hays*, of Sullivan, for appellee.

BLESSING, C. J.—This is an appeal from an award of the full Industrial Board denying appellant compensation on account of temporary total disability.

The evidence is not in the record and appellant is relying on the finding of facts of the Industrial Board to sustain his contention that the award is contrary to law in that it is not supported by the findings.

We quote such parts of the finding of the Industrial Board as are necessary to an understanding of our decision in this cause:

"The full Industrial Board, having heard the evidence, reviewed the findings and being duly advised therein, now finds: that on January 4, 1936, the plaintiff was in the employ of the defendant at an average weekly wage of $30.00; that on said date the plaintiff sustained an injury as the result of an accident arising out of and in the course of his employment of which the defendant had knowledge and furnished the necessary medical attention.

"The full Industrial Board further finds that thereafter on August 6, 1936, the plaintiff filed with the Industrial Board of Indiana his Form 9 application for the adjustment of compensation, alleging as the result of said accidental injury, he suffered a broken jaw and a bursted ear drum.

"The full Industrial Board further finds that the above cause was called for hearing on said Form 9 application, filed August 6, 1936, before the Industrial Board of Indiana, by Sam P. Vogt, Member, at Vincennes, Indiana, on December 7, 1936.

"The plaintiff appeared in person, and by Charles Fox, his attorney.

"The plaintiff then moved to amend his said complaint by inserting 'Two hundred weeks for 40% permanent partial impairment as a man', to which motion there was no objection on the part of the defendant, and said complaint was so amended, all of which is shown by an order of the Industrial Board by Sam P. Vogt, Member, dated December 16, 1936; that thereafter on January 19, 1937, at Vincennes, Indiana, said cause on said application Form 9, filed August 6, 1936, was submitted to the Industrial Board for trial, finding and judgment, before William A. Faust, Member, and the case was tried upon the issue of permanent partial impairment of plaintiff as a man.

"The evidence was introduced by plaintiff and defendant by each of said parties placing witnesses upon the stand, until each of said parties had announced the parties rested their cases, and thereupon, at the conclusion of said trial of said cause, the case was submitted to the Industrial Board, William A. Faust, Member, for finding and judgment; that on January 27, 1937, the Industrial Board of Indiana, by William A. Faust, Member, made a finding that on January 4, 1936, at an average weekly wage in excess of $30.00, plaintiff received personal injuries by reason of an accident arising out of and in the course of his employment with defendant herein, which resulted in a 45 per cent loss of hearing in his left ear, and on such finding made an award awarding plaintiff as against defendant herein forty-five (45) weeks compensation, at the rate of $16.50 per week, beginning the 4th day of January, 1936, and ordered that the full amount of same be paid plaintiff in cash and in a lump sum; that said finding was never appealed from, modified, changed or set aside, and now is in full force and effect; that defendant paid said compensation of forty-five (45) weeks in

accordance with the terms of said award to plaintiff herein.

"The full Industrial Board further finds that on October 5, 1940, plaintiff filed another Form 9 application for the adjustment of a claim for compensation; that as the result of said accidental injury sustained January 4, 1936, the plaintiff was not disabled and continued to work without loss of time from date of injury, January 4, 1936, until July 5, 1940; that subsequent to said injury, minieres developed in the left side of plaintiff's head and ear, and as the result of said injury and disease, plaintiff became totally disabled on July 5, 1940, and that it became necessary for the plaintiff to undergo an operation, which was performed at the Methodist Hospital, Indianapolis, Indiana, on July 30, 1940, by Dr. E. V. Hahn; that plaintiff was totally disabled from July 5, 1940, and remained totally disabled until June 19, 1941, at which time the plaintiff was able to return to work.

"The full Industrial Board now finds for the defendant and against the plaintiff on plaintiff's application Form 9, filed October 5, 1940."

The board also found in favor of the defendant on a special answer, but said finding in no wise controls the determination of this appeal.

The finding of the board is followed by an award to the effect that plaintiff take nothing by his Form 9 application filed with the Industrial Board on October 5, 1940, and taxes the costs, if any, to the plaintiff.

It is the contention of the appellant that, since the finding of the board discloses that the appellant suffered no disability prior to the award of compensation for permanent partial impairment, the temporary total disability suffered by appellant, which first manifested itself on July 5, 1940, gave rise to a new and original right of action, and that his application for compensation filed on October 5, 1940, was filed within the two-year period allowed by statute.

While the appellee contends that the award should be sustained on the ground that the finding of the board is not sufficient to show that appellant's disability, for which he seeks compensation, arose out of and in the course of his employment, the appellee also insists that since the award of compensation to appellant on January 27, 1937, for permanent partial impairment was never appealed from, modified, changed or set aside, and the same being paid in full, said award had the effect in law of adjudicating for all time the right of appellant to total disability compensation arising out of and as the result of appellant's injuries on January 4, 1936.

Appellee to sustain its contention in this respect relies upon the case of *Smith* v. *Brown* (1924), 81 Ind. App. 667, 144 N. E. 849.

Appellant contends that the above authority is not controlling in this case because of the difference of the facts involved in that case and in the case at bar. Appellant points out that in the case of *Smith* v. *Brown, supra,* temporary total disability preceded the award for permanent partial impairment, while in the instant case the appellant incurred no disability until long after the award for permanent partial impairment, and, therefore, the question of temporary total disability has never been adjudicated.

With this contention of the appellant we are unable to agree. Notwithstanding the differentiation in the facts presented by this appeal with those in the case of *Smith* v. *Brown, supra,* we think the principles set forth in the opinion in the Smith case are controlling here. The award of compensation to the appellant on January 27, 1937, was made pursuant to § 31 (h) of the Workmen's Compensation Act, § 40-1803, Burns' 1933.

This section provides in part:

"For injuries in the following schedule the employee shall receive in lieu of all other compensation, on account of said injuries, a weekly compensation of fifty-five [55] per cent of his average weekly wages for the periods stated for said injuries respectively to wit: . . .

"(h) In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred [500] weeks."

The award to the appellant on January 27, 1937, was based upon the above provisions.

This court in the case of *Smith* v. *Brown*, ■ *supra*, in passing upon § 31, said at p. 672:

" 'This section (§ 31 of the Act of 1915) deals with such injuries not from the standpoint of any total disability that may result temporarily or any disability that may continue through the period fixed by the section, but from the standpoint of the consequent permanent disability, and resulting diminution in earning power extending through life. The specific portions of the section assume that from the respective scheduled injuries a handicap of certain gravity will result, for which compensation is arbitrarily fixed, regardless of the actual disability and loss of capacity. Where a workman suffers an injury covered by § 31, he is entitled to the compensation fixed by that section, not because of the actual extent of the resulting disability, but because the section so declares. . . .' "

Further amplifying the rights of an employee, ■ where his compensation is determined under the provisions of said § 31, this court further said in the same case at p. 670:

"Thus appellee's condition at that time was specifically determined, and the period for the payment of compensation was definitely fixed. As

neither of the parties took any step to have the agreement set aside or superseded, it became a full and final determination of appellee's condition at the time it was made, and of appellant's liability for the payment of compensation, subject only to the right of either party to have a modification of the period for the payment of compensation, on account of a change in appellee's condition, . . ."

The court in the above case further said at p. 671 and p. 673:

"It is here stated that there has been a change in appellee's condition, but it clearly appears that such change relates only to his ability to work—a fact which cannot be made the basis of an award under said § 45, *supra*, where the original or prior award, which it is sought to have modified, is based on a permanent partial impairment of a member, as in the instant case. This is true because an award, based on such an injury, is made for the loss of the function of the member, or, as sometimes stated, for the injury itself—the period of compensation being determined from the degree of such impairment, and not from the actual disability resulting therefrom. . . .

"It is obvious that, while the loss of earning power may be evidence, tending to show the extent of the impairment, the *mere* fact that an injured employee's earning power has either increased or decreased will not afford a basis for modifying an award for permanent partial impairment, as it was evidently intended that such an award should cover all disability arising therefrom, whether total or partial, and should be effective although no actual disability should result."

This same principle was announced in the case of *Sumpter* v. *Colvin* (1934), 98 Ind. App. 453, 190 N. E. 66.

From these decisions, it is apparent to this court that when appellant was awarded compensation for a per-

manent partial injury, the only remaining right he had, other than the right to an appeal, was the right to have said award modified on account of a change in condition. Such modification was retricted to a change in the impairment as fixed by the board. With this limitation imposed upon the employee under the provisions of § 31 of the Workmen's Compensation Act, the right to review the award for permanent partial impairment on account of a change in the employee's ability to work or his right to bring an original action for temporary total disability was forever barred.

The award of the Industrial Board is fully sustained by the finding, and the award is hereby affirmed.

NOTE.—Reported in 46 N. E. (2d) 275.