GARLAND D. BREEDEN *v.* SWIFTY OIL COMPANY, INC.

[No. 2-1075A272. Filed September 19, 1977.]

*Edwin S. Sedwick*, of Sellersburg, for appellant.

*Edward J. Ohleyer, James R. Fisher, Ice Miller Donadio & Ryan*, of counsel, of Indianapolis, for appellee.

WHITE, J.—On October 21, 1974, appellant Breeden filed a Form No. 14 application for the modification of an award made December 3, 1973, awarding him 22.5 weeks compensation for a ten percent increase in the permanent partial impairment of his right leg above the knee, the result of an injury sustained November 13, 1971, for which he had previously been paid 59.75 weeks compensation (26 weeks for temporary total disability and 33.75 weeks for fifteen percent permanent partial impairment of the right leg above the knee). He alleged in his application for review that both his disability and his permanent partial impairment had increased since the date of the award. The Industrial Board dismissed his application in response to Swifty's (his employer's) motion which asserted that the board was without jurisdiction because the application was filed more than one year after the last date for which Breeden was paid compensation. Holding the dismissal proper for the reason stated, we affirm.

The governing statute is Ind. Ann. Stat. § 22-3-3-27 (Burns Code Ed., 1974), also referred to as section 45 of the Workmen's Compensation Act.[1] Its relevant words are "that applications for

---

1. The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application

increased permanent partial impairment are barred unless filed within one year from the last date for which compensation was paid."

Unfortunately the award of December 3, 1973, which Breeden seeks to modify does not expressly state when the 22.5 weeks compensation it awards begins or ends.[2] It does, however, provide "that all deferred payments of compensation shall be brought up to date and paid in cash and in a lump sum." Swifty, Breeden's employer, interprets that language as implying that the 22.5 weeks began with the termination of the 33.75 weeks previously awarded for permanent partial impairment by an approved agreement which expressly stated that it was "from and including the 13th day of November Month 1971." 33.75 weeks beginning on the 13th day of November, 1971, ended July 6, 1972. Thus if Swifty's inference is correct the 22.5 weeks awarded December 3, 1973, began July 7, 1972 and ended December 11,

---

of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act [22-3-2-1 — 22-3-6-3].

\* \* \*

The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award.

2. In full, the December 3, 1973, award reads:

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Industrial Board of Indiana that there shall be awarded plaintiff as against the defendant compensation at the rate of $60 per week for a specific period of 22.5 weeks for permanent partial impairment of an additional ten percent of the right leg above the knee joint, resulting from the accidental injury of November 13, 1971.

"It is further ordered that all deferred payments of compensation shall be brought up to date and paid in cash in a lump sum.

"It is further ordered that defendant shall pay the statutory medical expenses.

"It is further ordered that defendant shall pay to plaintiff's attorney his fee herein, based as follows: a minimum of $25 and in addition thereto 20% upon the first $1,000 recovered herein, 15% upon the second and third $1,000, and 10% upon all sums recovered in excess thereof, that defendant shall have credit on this award for all sums so paid to plaintiff's attorney."

1972. On that premise the one year during which Breeden could apply for a modification of the December 3, 1973, award ended December 11, 1973, only eight days after the award was entered[3] and some ten months before Breeden's Form No. 14 application for modification was filed on October 21, 1974. The board's finding that Breeden's Form 14 was not filed "within one year after the last date on which he had been paid compensation" is tantamount to a finding that Swifty's premise is correct.

The basis of Swifty's argument that the lump sum payment order implies a beginning date of July 7, 1972, is that otherwise there would be no "deferred" payments which could lawfully be ordered paid in a lump sum without direction for reduction to present value, as is required by Section 43 of the act, Ind. Ann. Stat. § 22-3-3-25 (Burns Code Ed., 1974), when payments for future weeks are ordered paid in a lump sum.

Strangely enough this same lump sum payment provision is also the basis of Breeden's contrary argument that "the unique language as contained in the December 3, 1973 Award . . . constitutes a declaration by the Industrial Board that that is the date from which the time limitation of one year as contained in Section 45 begins to run." He makes no explanation of how he reaches that conclusion and we find none in the authority (*Wilson v. Betz Corporation* [1959], 130 Ind. App. 83, 159 N.E.2d 402; *Miles v. Indiana Service Corporation* [1933], 97 Ind. App. 400, 185 N.E. 460) he cites to support it.

---

3. Swifty's brief in this court asserts the 22.5 week period "had already begun and already concluded before the date of the award [December 3, 1973]." The "Motion to Dismiss" which Swifty filed with the board asserts that for the total 25% permanent partial impairment "defendant has paid plaintiff compensation for the period beginning December 31, 1971 to January 28, 1973 inclusive representing fifty-six and one-fourth (56 ¼) weeks." Breeden's brief in this court concedes "that if the time computations set forth in the Appellee's Motion to Dismiss are *legally* [our emphasis] correct . . . then the Appellant's Form No. 14 simply was not filed timely pursuant to the one year limitation as contained in Section 45." While Swifty's time computations do not coincide exactly with ours (as set forth in the text of this opinion) the variation is so slight that it makes no difference which is in error. Given the beginning date of November 13, 1971, set out in the approved agreement for the first 15% of impairment, and interpreting the 10% award as consecutive to the 15% award, there is no way to find that the Form 14 filed on October 21, 1974, was filed within one year of the last date for which compensation was paid.

Breeden also contends that since his Form No. 14 alleges that his disability has increased and since Section 45 provides a two-year limitation on the modification of an award for that reason, he should have been granted an evidentiary hearing on that allegation. But in the context of this case, that allegation raises no issue. The record disclosed that Breeden has been awarded and paid twenty-six weeks compensation for temporary total disability *and* fifty-six and one-fourth weeks for twenty-five percent permanent partial impairment of his right leg, all for but one injury. Since he has already drawn all the temporary total disability compensation which § 31 of the act (IC 1971, § 22-3-3-10) allows in addition to its schedule for the injury, the fact that his temporary total disability has recurred (if it has) entitles him to no additional compensation. Before the § 31 was amended to allow the twenty-six weeks, no temporary total disability compensation was allowed in addition to the specific allowance for the permanent partial impairment. *Smith v. Brown* (1924), 81 Ind. App. 667, 671, 144 N.E. 849, 850; *Frazier v. Knox Consolidated Coal Corp.* (1943), 112 Ind. App. 649, 655, 46 N.E.2d 275, 277; Small, WORKMEN'S COMPENSATION LAW OF INDIANA § 9.2, p. 240, 1976 Cum. Supp. § 9.1, p. 86.

It has been suggested that because § 31 of the Workmen's Compensation Act (IC 1971, § 22-3-3-10) no longer contains the language "in lieu of all other compensation on account of said injuries", *Smith v. Brown, supra,* and *Frazier v. Knox Consolidated Coal Corp., supra,* are no longer authority for the proposition that a recurrence of temporary total disability is no reason for the modification of an award for permanent partial impairment. However, a careful reading of § 31 as amended discloses that, in this respect, the only change that has been made is that of permitting the injured employee to receive his scheduled number of weeks compensation for his permanent partial impairment "in addition to temporary total disability benefits not exceeding twenty-six weeks." In the case now before us Breeden was initially paid compensation for temporary total disability for the twenty-seven weeks immediately following his injury. In his first award for permanent partial impairment his employer, Swifty,

was given credit against the thirty-three and three-fourths weeks awarded for fifteen percent impairment for only one week of those twenty-seven weeks of temporary total disability. Thus Breeden has been paid the maximum number of weeks (twenty-six) that any employee can be paid for temporary total disability resulting from the same injury for which he has also been awarded compensation for permanent partial impairment. We decline to speculate whether, if he had not already been paid for a full twenty-six weeks temporary total disability, he now would be entitled to an evidentiary hearing to determine whether he is entitled to further temporary total disability compensation. Subject to that undecided question, we disclaim any implication one may find in *Johnson v. Thomas and Skinner, Inc.* (1972), 153 Ind. App. 467, 473, 287 N.E.2d 894, 898, to the effect that an award for permanent partial impairment may be modified on proof that temporary total disability has recurred.

Breeden also complains that the board failed to find the facts on which it based its conclusion that his application was not filed within one year after the last date for which compensation was paid. We agree that it would have been helpful for the board to have set forth the last date for which compensation was paid, rather than merely its conclusion "that plaintiff failed to file his Form 14 application within one year after the last date on which plaintiff had been paid compensation for his subject injury."[4] Nevertheless the specific facts which lead to that conclusion are all matters of record about which there is no dispute not resolved by the board's general findings.[5] Thus, in order to affirm the dismissal of Breeden's Form 14 application, we are not required to make any assumption as to the specific facts on which the board based its conclusory finding.

The order of the full board is Affirmed.

4. Also, it would have been more accurate had the board said "the last date for which [instead of "on which"] plaintiff had been paid compensation", thereby following the wording of § 45, IC § 22-3-3-27.

5. The meaning of the lump sum payment order in the award of December 3, 1973, is resolved by the board's finding that the Form 14 was not filed within one year after the last date on which plaintiff was paid compensation.

Buchanan, J., and Staton, P.J. (participating by designation), concur.

NOTE—Reported at 367 N.E.2d 1206.